**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No.96-10889
Summary Calendar

United States of America,

Plaintiff-Appellant,

versus

Kimberly Lanette Jones, also know as Kimberly Jones, also known as Melisa Jones, also known as Makela Barber, also known as Kimberly Smith, being a black female approximately 20-35 years of age, approximately 5'5" height, approximately 150-200 lbs., whose identity is otherwise unknown to the Grand Jury,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas

(CA-H-94-1825)

July 1, 1997

Before POLITZ, Chief Judge, JOLLY, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Kimberly Lanette Jones pled guilty to one count of making false statements on loan

---

[*]Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

applications and one count of conspiracy to commit bank fraud. Jones did not appear for sentencing but was apprehended eight months later in San Diego, California and returned to Texas. The Presentence Report recommended that Jones's offense level be increased two levels to account for the failure to appear for sentencing. In addition, the PSR recommended that Jones be denied a three level decrease for acceptance of responsibility. Jones objected to the PSR contending that she did not appear for sentencing because she received death threats and feared for her life. The district court adopted the PSR over the objections of Jones and sentenced her to 46 months imprisonment. Jones timely appealed.

Section 3C1.1 of the Sentencing Guidelines provides a two-level increase for obstruction of justice. Failure to appear for a judicial proceeding constitutes obstruction of justice.[2] The PSR stated that Jones willfully obstructed the administration of justice because she "absconded from pretrial services supervision and did not appear for sentencing." Jones objected to this increase but failed to introduce one piece of evidence to rebut the information contained in the PSR.[3] Jones's unsworn explanation of her failure to appear does not possess the indicia of reliability necessary to rebut the PSR.[4] Consequently, the district court did not err by increasing Jones's offense level for obstruction of justice.

---

[2]U.S.S.G. § 3C1.1 Application Note 3(e).

[3]*See United States v. Gracia*, 983 F.2d 625, 630 (5th Cir. 1993) ("A defendant challenging information presented at sentencing bears the burden of demonstrating its untruth, inaccuracy, or unreliability.").

[4]*United States v. Lghodaro*, 967 F.2d 1028, 1030 (5th Cir. 1992) ("[Lghodaro's] objections [to the PSR] were merely in the form of unsworn assertions, which are unreliable and should not be considered.").

2

The district court also denied Jones a reduction for acceptance of responsibility.[5] Only in an extraordinary case may a defendant receive both an increase for obstruction of justice and a reduction for acceptance of responsibility.[6] Jones failed to comply with the order to appear for sentencing and then remained a fugitive from justice for approximately eight months. This is not a case where a reduction for acceptance of responsibility is warranted.

Finally, Jones contends that the district court erred by refusing to grant a downward departure under section 5K1.1. The government refused to file a section 5K1.1 motion on behalf of Jones. Because Jones failed to allege that the government was motivated by an unconstitutional purpose, the district court properly refused a downward departure.[7]

For the foregoing reasons, the decision of the district court is AFFIRMED.

---

[5]U.S.S.G. § 3E1.1.

[6]U.S.S.G. § 3E1.1 Application Note 4.

[7]*See Wade v. United States*, 504 U.S. 181 (1992).